## CORPORATION AND ITS OFFICERS HELD LIABLE ON A NOTE.

Circuit Court of Lorain County.

THE HURON COUNTY BANKING COMPANY v. THE OBERLIN COM-
PANY, J. C. HILL AND ALBERT E. HAY.

Decided, April 26, 1911.

*Promissory Note Signed by Corporation Name and Officers Names—
Officers Liable, When.*

When the words "we or either of us" and other kindred phrases ap-
pear in the body of a promissory note, signed by the proper officers
of a corporation in the corporate name, but underneath the cor-
porate name said officers sign their own names, though they affix
thereto their appropriate official titles as such officers, the note
will be construed as the note of the corporation and of said of-
ficers, as individuals. *Aungst v. Creque*, 72 O. S., 551, distinguished.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties stand here as they stood below. There the court
sustained the demurrer of the defendants Hill and Hay to the
petition of the plaintiff praying personal judgments against
each of them as well as the Oberlin Gas & Electric Company upon
a promissory note as follows:

"$2,500.00                    OBERLIN, OHIO, DECEMBER 29, 1909.

"Four months after date, for value received, We or either of
us, promise to pay to the Huron County Banking Company of
Norwalk, Ohio, or order, at its banking office, twenty-five hundred
and 00-100—dollars, with interest at the rate of 7 per cent. per
annum, payable semiannually, having deposited with said bank-
ing company the following described property, to-wit: eight (8)
first Consolidated 6 per cent. Mortgage Bonds of the Oberlin Gas
& Electric Company par value $500 each; same being Nos. 329-
336 inc.—as collateral security for the payment of the above
indebtedness of the undersigned to said banking company. The
extension of the time of payment or renewal of the indebtedness
evidenced by this note, shall in no way release the undersigned
or either of them, or the collateral security above described, or
any substituted or additional security which may be furnished;
and we, or either of us, hereby agree to deposit with said banking
company, upon its demand, such additional collateral security

as said banking company may from time to time require. On the non-performance of the foregoing conditions, provisions and agreements as to furnishing additional collateral, or upon the non-payment of the above mentioned liability, then and in either case, we or either of us hereby authorize and empower the said banking company to sell, assign and deliver the whole or any part of the above securities or any substitutes therefor, or any additions thereto at any brokers' board or at public or private sale at the opinion of said banking company or of any one or more of its officers without either public advertisement or personal notice to us or either of us, both of which are hereby expressly waived. If said securities are sold at public sale the said banking company may itself purchase the whole or any part thereof, free from all rights of redemption on the part of us or either of us, which right is hereby waived and released; and after deducting all legal and other costs and expenses for collection, sale and delivery of said securities; the residue of the proceeds of such sale or sales so made shall be applied upon the payment of the above liability; the overplus, if any, to be paid to us, or either of us.

"THE OBERLIN GAS & ELECTRIC CO.,
"J. C. HILL, PRESIDENT,
"ALBERT E. HAY, TREASURER."

There are no endorsements nor credits upon said note.

We hold that the words "or either of us," and other kindred phrases in the body of this note, distinguish this case from that of *Aungst* v. *Creque*, 72 Ohio St., 551, which decided that:

"But where a promissory note is signed by the proper officer of a corporation in the corporate name, and underneath the corporate name he signs his own name, affixing thereto his appropriate official title as an officer of said corporation, in the absence of anything in the body of the instrument requiring a different construction, such note will be construed and held to be the note of the corporation only, and not the note of the officer so signing, or the joint note of such officer and the corporation."

Judgment reversed for error in sustaining demurrer, and cause remanded.